117 F.3d 1426
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Elvis Alcedis REYES-JOVEL, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 Nos. 96-70891, Ads-nah-uxy.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 17, 1997**
June 24, 1997.
 
 Before: GOODWIN, SCHROEDER, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Elvis Alcedis Reyes-Jovel; a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the immigration judge's ("IJ") denial of his application for asylum and withholding of deportation under sections 208(a) and 243(h) of the Immigration and Nationality Act, 8 U.S.C. §§ 1158(a), 1253(h). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition.
 
 
 3
 Reyes-Jovel contends that substantial evidence does not support the BIA's determination that he failed to establish past persecution or a well-founded fear of future persecution on account of political opinion. We disagree.
 
 
 4
 Factual findings underlying the BIA's decision, including whether the alien has proven past persecution or a well-founded fear of future persecution, are reviewed for substantial evidence. See Acewicz v. INS, 984 F.2d 1056, 1061 (9th Cir.1993). We must uphold the BIA's denial of asylum unless the alien demonstrates that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution. See INS v. Elias-Zacarias, 502 U.S. 478, 481 & n. 1 (1992).
 
 
 5
 To be eligible for asylum, an alien must show either "persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). To establish a well-founded fear of future persecution, the alien must show both a genuine subjective fear of persecution and an objectively reasonable fear. See Acewicz, 984 F.2d at 1061. "The objective component requires a showing by 'credible, direct, and specific evidence' of facts supporting a reasonable fear of persecution" on account of one of the enumerated grounds. Id. (citation omitted).
 
 
 6
 Here, Reyes-Jovel testified that, in 1990 or 1991, government soldiers attempted to recruit him for military service by taking him to their garrison for two days, swearing at him, accusing him of being a guerrilla and beating him with their guns. Further, Reyes-Jovel claimed that his family's political loyalties were questioned by both sides, by way of notes and personal visits, because in 1980 government soldiers had killed his father who was accused of being a guerrilla, and the guerrillas had killed his uncle.
 
 
 7
 Reyes-Jovel's testimony would not compel a finding of past persecution by the government and/or guerrillas on account of imputed political opinion.[1] See Sangha v. INS, 103 F.3d 1482, 1489 (9th Cir.1997). There was no indication that Reyes-Jovel's father's murder ten years earlier was connected to Reyes-Jovel's recent encounter with the government. See Prasad v. INS, 47 F.3d 336, 340 (9th Cir.1995). In addition, there was no evidence that Reyes-Jovel ever expressed his political views or that the government was aware of his views. See Abedini v. INS, 971 F.2d 188, 192 & n. 1 (9th Cir.1992).
 
 
 8
 Reyes-Jovel also contends that he has established a well-founded fear of future persecution. However, the BIA properly considered the fact that Reyes-Jovel remained in El Salvador for eleven years, without further incident, after his father's murder. See Castillo v. INS, 951 F.2d 1117, 1122 (9th Cir.1991) (opining that five and one-half years' undisturbed stay was significant in assessing objective reasonableness of fear); compare Damaize-Job v. INS, 787 F.2d 1332, 1336 (9th Cir.1986) (stating that two-year stay without harm did not defeat persecution claim), and Rodriguez v. INS, 841 F.2d 865, 871 (9th Cir.1987) (stating that six-month stay without harm did not defeat persecution claim).
 
 
 9
 Further, another relevant consideration is the changed country conditions in El Salvador, as evidenced by the 1995 State Department's Country Report. See Ghaly v. INS, 58 F.3d 1425, 1429-30 (9th Cir.1995); see also Kazlauskas v. INS, 46 F.3d 902, 906 (9th Cir.1995) (stating that the State Department's Country Reports are the most appropriate and perhaps the best resource for information on political situations in foreign nations). The Country Report reported a decrease in violence and significant progress toward political stability as a result of the peace accords. Accordingly, we deny the petition for review because the evidence would not compel a reasonable factfinder to find the requisite past persecution or well-founded fear of future persecution on account of imputed political opinion. See Elias-Zacarias, 502 U.S. at 481 & n. 1.
 
 
 10
 Because Reyes-Jovel failed to demonstrate eligibility for asylum, he also failed to satisfy the higher standard of "clear probability of persecution" required for withholding of deportation. See Aruta v. INS, 80 F.3d 1389, 1396 (9th Cir.1996).
 
 
 11
 PETITION FOR REVIEW DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Although both the IJ and the BIA noted that Reyes-Jovel omitted his alleged beating from his application, neither made an adverse credibility determination. Because both the IJ and the BIA are silent on the question of credibility, we presume that they found the petitioner credible. See Maldonado-Cruz v. INS, 883 F.2d 788, 792 (9th Cir.1989)